<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4909

UNITED STATES OF AMERICA

v.

AHMED WALKER
a/k/a Amelios
a/k/a Ammo

Ahmed Walker,

Appellant

On appeal for the United States District Court
for the Middle District of Pennsylvania
(District Court No. 00-cr-00300-3)
District Judge: The Honorable Sylvia H. Rambo

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 13, 2006

Before: SMITH, and ROTH, *Circuit Judges*,
and YOHN, *District Judge*[*]

(Filed: December 15, 2006)

---

[*]The Honorable William H. Yohn, Jr., Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1

OPINION

SMITH, *Circuit Judge*.

Ahmed Walker was convicted by a jury of five criminal offenses involving firearms, drugs, and drug trafficking. The United States District Court for the Middle District of Pennsylvania sentenced Walker to 681 months. We affirmed his conviction, but vacated his sentence and remanded for resentencing in accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Walker*, 136 Fed. Appx. 524 (3d Cir. 2005).

On remand, the District Court imposed a sentence of 622 months. Walker was sentenced to 240 months on count one for conspiracy to possess, to brandish, and to discharge a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) and § 924(o). The District Court imposed a sentence of 262 months on counts five and six, to be served concurrently with the sentence on count one, for conspiring to distribute and for distributing and possessing with the intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 846 and § 841(a)(1). A mandatory minimum of 60 months was imposed on count three for possessing firearms on July 12, 2000, in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). A mandatory minimum of 300 months was imposed on count four for violating 18 U.S.C. § 924(c) on July 18, 2000. Consistent with statutory law, the mandatory

minimum sentences imposed for counts three and four were to run consecutive to the other sentences. Thus, Walker had to serve 262 months initially, followed by a mandatory minimum of 60 months, followed by a final term of imprisonment of 300 months, totaling 622 months.

Walker filed a timely appeal. The District Court exercised original jurisdiction pursuant to 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

Walker raises two arguments on appeal. First, he asserts that his sentence is unreasonable because the District Court in imposing its sentence failed to give meaningful consideration to the factors enumerated in 18 U.S.C. § 3553(a). Second, Walker challenges his sentence on counts one, five, and six, contending that his guideline range was incorrectly based on quantities of marijuana, powder cocaine, and heroin that were not found by a jury, as well as a leadership enhancement that was not determined by a jury. Walker submits that *ex post facto* principles and due process considerations precluded the District Court from sentencing him based on facts that were not found by a jury. Thus, Walker submits that his base offense level should have been computed solely on the jury's finding that his offense involved 50 grams or more of crack cocaine. Whether a sentence violates the United States Constitution is a legal issue subject to plenary review. *United States v. Williams*, 235 F.3d 858, 861 (3d Cir. 2000).

Walker's assertion that the District Court failed to properly calculate his offense level for counts one, five, and six rests in part on our earlier decision affirming his

3

conviction and vacating his sentence.  *See Walker*, 136 Fed. Appx. at 527.  There, Walker relied on the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and asserted that the District Court erred by calculating his base offense level by considering evidence of other drug quantities not found by a jury.  We agreed with Walker that "this was plain error under *Booker*" and  vacated his sentence, citing as authority our en banc decision in *United States v. Davis*, 407 F.3d 162, 164 (3d Cir. 2005) (en banc).  According to Walker, our earlier disposition required the District Court at resentencing to compute his base offense level solely on the quantity of crack cocaine found by the jury.

Contrary to Walker's assertion, we did not direct the District Court to compute his base offense level solely on the amount of crack cocaine found by the jury.  We vacated the original sentence because the District Court had engaged in judicial fact finding that resulted in a sentence greater than the maximum authorized under the then mandatory guideline regime.  Thus, remand for resentencing under an advisory guideline regime consistent with *Booker*'s remedial opinion was necessary.  *See Walker*, 136 Fed. Appx. at 527.

After *Booker*, "district courts may fact-find to increase sentences beyond the Guidelines range [calculated solely on facts admitted by a defendant or proved to a jury] provided [the range is] within the statutory minimum and maximum dictated by the United States Code . . . ."  *United States v. Gunter*, 462 U.S. 237, 241 (3d Cir. 2006).  Thus, the District Court's fact-finding on remand as to the quantity of drugs was not

4

reversible error.

Walker's argument that *ex post facto* principles and due process considerations require resentencing based only on the facts proven to a jury or admitted by the defendant is not persuasive either. In *United States v. Pennavaria*, 445 F.3d 720 (3d Cir. 2006), we rejected the defendant's argument that these same constitutional principles precluded resentencing him under an advisory guideline scheme which would allow consideration of facts beyond those to which he admitted during his guilty plea colloquy. *Id.* at 723. We explained that *"Booker* clearly instructed that both of its holdings should be applied to all cases on direct review" and that "Pennavaria had fair warning" that his conduct would result in punishment up to the statutory maximum for the offense of conviction. *Id.* Thus, we held that "application of *Booker*'s remedial holding to cases pending on direct review does not violate the *ex post facto* principle of the Due Process Clause." *Id.* at 724.

Walker's contention that his sentence is unreasonable because the District court failed to adequately consider the factors set out in 18 U.S.C. § 3553(a) also lacks merit. The District Judge stated after imposing sentence that she had adopted the presentence report and adjusted Walker's offense level upwards by two points based on his role in the offense. As support for this adjustment, the District Judge cited the testimony by witnesses that they not only sold drugs for Walker, but also acquired guns for him. She pointed out that Walker distributed two of the firearms to others in the conspiracy.

The District Judge further explained that she imposed, contrary to the original

5

sentence, a term of imprisonment on counts five and six at the lower end of the guideline range, *i.e.*, 262 months, as that was "adequate to address the sentencing objectives." The District Judge pointed out that Walker "committed the instant offense while on bail and awaiting trial on two separate matters in Lebanon County Court," which provides support for the District Court's decision not to sentence Walker below the lower parameter of 262 months. In addition, the District Judge reasoned that the guideline range had not accounted for the injury sustained by the two year old child or the property damage to the apartment complex. These explanations reflect that the District Judge "gave meaningful consideration to" the factors enumerated in § 3553(a). *See Cooper*, 437 F.3d at 329. Accordingly, we will affirm the judgment of the District Court.