ERIC SANCHEZ
REGISTER NO. 10667-067
FEDERAL MEDICAL CENTER
P.O. BOX 879
AYER, MASSACHUSETTS 01432

January 7, 2008

**By Mail**

The Honorable Sylvia H. Rambo
United States District Judge
United States District Court
Middle District of Pennsylvania
228 Walnut Street
Harrisburg, Pennsylvania 17108

FILED
HARRISBURG, PA

JAN 10 2008

MARY E. D'ANDREA, CLERK
Per_____

Re: **United States v. Eric Sanchez, et al,
Criminal Docket No. 1:00-CR-0300-02**

Dear Judge Rambo:

The undersigned defendant, appearing pro se, respectfully files this letter/motion seeking an order modifying the term of imprisonment imposed in the above captioned case, pursuant to 18 U.S.C.§3582(c)(2), and for the appointment of counsel. For the reasons that follow, this motion should be granted in its entirety.

### I. BACKGROUND.

On May 16, 2001, a seven-count Superseding Indictment was filed in the Middle District of Pennsylvania charging the undersigned with, inter alia, conspiring to distribute and possess with the intent to distribute cocaine base ("crack"), in violation of 21 U.S.C.§846. On August 8, 2001, a Second Superseding indictment was filed. The undersigned had not been named in the original indictment.

On February 25, 2002, pursuant to a written binding plea agreement (see, Rule 11(e)(1)(C), Fed.R.Crim.P.), the undersigned entered a plea of guilty to Count Five of the Second Superseding indictment charging him with conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C.§846. Notably, however, in entering his guilty plea, the undersigned was required to admit only that the quantity of cocaine base ("crack") involved in the offense was between "35 to 50 grams." See, Trans. of Guilty Plea at 5,6,7, and 8. Inasmuch as the undersigned allocuted to a quantity of cocaine base that was less than the threshold essential to triggering the ten year mandatory minimum (i.e., "50 grams or more"), no mandatory minimum was triggered by his guilty plea.

-2-

On August 30, 2002, the Court sentenced the undersigned to a prison term of 120 months, to be followed by a five year period of supervised release. No appeal was taken, and the undersigned is currently serving his sentence at the Federal Medical Center in Devens, Massachusetts, having recently fallen ill.

The undersigned now respectfully moves this Court to modify the term of imprisonment imposed in this case, and for the reasons that follow, this motion should be granted.

## II. STATEMENT OF FACTS.

[In the interest of brevity, and judicial economy, only those facts the undersigned deems relevant to these proceedings are set forth hereinafter.]

The undersigned was sentenced for his involvement in a conspiracy which distributed "between 35 to 50" grams of crack cocaine. The precise amount distribute has never been determined. The sentence in this case was based, in part, on a finding by the U.S. Probation Department that the amount of crack cocaine involved was 70.87 grams of cocaine base. See, PSR at 4, ¶18. The written judgment does not reflect a contrary determination. Thus, for the purpose of this application, both the undersigned and this writer assumes that the sentence was based upon an offense level of 32, and a criminal history category of I.

However, since the imposition of the sentence in this case, particularly on November 1, 2007, the U.S. Sentencing Commission lowered the sentencing ranges for the offense of conviction in this case. Under the recent amendment, which was announced to apply retroactively on December 11, 2007, the undersigned's base offense level would be 30 rather than 32, resulting in a sentencing range of 97-121 months imprisonment. The undersigned therefore seeks modification of the term of imprisonment imposed in this case.

## III. DISCUSSION.

### (a) DISTRICT COURT'S AUTHORITY TO MODIFY THE DEFENDANT'S TERM OF IMPRISONMENT.

18 U.S.C.§3582(c)(2) authorizes a district court to modify a term of imprisonment when the defendant's sentence was based on a sentencing range that has subsequently been lowered by the U.S. Sentencing Commission, and if such a reduction would be consistent with the applicable policy statements in the guidelines. See, e.g., United States v. Legree, 205 F.3d 724, 727 (4th Cir. 2000); 18 U.S.C.§3582(c)(2).

In the present case, since the sentencing range for the offense of conviction has been lowered, the Court is authorized to modify the term of imprisonment imposed.

-3-

### (b) MODIFICATION OF THE TERM OF IMPRISONMENT IS BOTH APPROPRIATE AND WARRANTED.

Preliminarily, prior to modifying a sentence under §3582(c)(2), Congress has directed that the district court consider the facts set forth in 18 U.S.C.§3553(a). Those factors include, but are not limited to, the need to avoid sentencing disparity, see 18 U.S.C.§3553(a)(6), and consideration of the "kinds of sentences available." Id., §3553(a)(3). We respectfully submit that consideration of both of these factors warrants modification of the term previously imposed, and the entry of a new judgment and sentence of time-served.

First, as noted, despite the Court's imposition of what appears to be a mandatory minimum ten year term of imprisonment, the undersigned did not admit to a quantity sufficient to trigger any mandatory minimum. See, e.g., Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). Since the undersigned had not waived his right to a jury determination of a quantity above and beyond the amount he admitted to during his plea allocution, any sentence based on an amount in excess of that admitted at the time of the plea would run afoul of the the holding in Apprendi and its progeny.

Second, on December 10, 2007, the U.S. Supreme Court decided Kimbrough v. United States, 552 U.S.___ (2007), where the Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve §3553(a)'s purposes, even in a mine-run case." Kimbrough, 552 U.S. at___. The Court also observed that the recent amendment to the Sentencing Guidelines lowering sentences for crack cocaine offenses was "'only ... a partial remedy' for the problems generated by the crack/powder disparity" and that "'[a]ny comprehensive solution requires appropriate legislative action by Congress.'" Id., (quoting 2007 Report of U.S. Sentencing Commission to Congress at 10).

Both the U.S. Sentencing Commission and the U.S. Supreme Court have acknowledge that there is a disparity between the sentences meted out for crack cocaine and powder cocaine offense — a disparity that adversely affects minority defendants.

-4-

After consideration of the factors set forth in §3553(a)(3) and (6) the Court should endeavor to modify the term of imprisonment imposed in this case since to do so would be consistent with the policy statements set forth in the guidelines. Accordingly, the sentence should be modified in accordance with the provisions of 18 U.S.C.§3582(c)(2).

(c) **APPOINTMENT OF COUNSEL IS WARRANTED.**

It is well settled that a criminal defendant has no right to counsel beyond his first appeal. Coleman v. Thompson, 501 U.S. 722, 756, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). There are, however, exceptional cases in which due process does mandate the appointment of counsel for certain post conviction proceedings. See, Gagnon v. Scarpelli, 411 U.S. 778, 788 (1973). In the context of §3582(c)(2) proceedings, however, there appears to be a general consensus that a district "judge can appoint counsel for a movant, but need not do so." United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999); United States v. Townsend, 98 F.3d 510 (9th Cir. 1996); United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995).

In the present case, we think the appointment of counsel is appropriate and necessary since this application may require a hearing. Insofar as the Court would be inclined to adjudicate this application on the merits without a hearing, the appointment of counsel would be unnecessary.

IV. CONCLUSION.

For the many reasons stated, the undersigned respectfully requests that this Court grant this motion to modify the term of imprisonment imposed in this case, in the interest of justice, and to prevent a complete miscarriage thereof.

WHEREFORE, the defendant prays that this motion will be granted in its entirety.

Respectfully submitted,

*Eric Sanchez*
Eric Sanchez, pro se

cc: Christy H. Fawcett, AUSA
    Office of the U.S. Attorney
    Federal Building - Suite 220
    228 Walnut Street
    Harrisburg, PA 17108



Eric Sanchez # 10671067
Federal medical center Devens
PO Box 879
Ayers, MA 01432 unit J-B

CENTRAL MA 015
07 JAN 2008 PM 5 T

The Honorable Sylvia H. Rambo
United States District Judge
United States District Court
Middle District of Pennsylvania
228 Walnut Street
Harrisburg, Pennsylvania 17108

17108+3800