```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )   CR. NO. 1:CR-00-300
                              )
        v.                    )   (RAMBO, J.)
                              )
ERIC SANCHEZ                  )
```

## GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF PURSUANT TO TITLE 18 UNITED STATES CODE SECTION 3582(c)

AND NOW, the United States of America, by its undersigned counsel, submits the following Sentencing Memorandum and Response in Opposition to the Defendant's Motion for Relief Pursuant to Title 18, United States Code, Section 3582(c)

   I.   **STATEMENT OF FACTS AND OF THE CASE**

In the summer of 2000 Eric Sanchez played a leadership role in a drug gang which trafficked in crack cocaine in Lebanon, Pennsylvania. Sanchez's gang related drug trafficking was both significant, and violent. Indeed, in the course of his drug dealing, Sanchez and other gang members engaged in gunplay in Lebanon, gunplay which resulted in the injury of a two year old child caught in the cross fire between rival drug dealers. See Pre-Sentence Report,(hereafter PSR)at paras. 4-13.

Indicted for his role in this violent drug trafficking, on February 25, 2002, Sanchez pleaded guilty to conspiring to distribute more than 50 grams of cocaine base, a criminal offense which carried a mandatory 10 year, 120 month, jail term. Sanchez

pleaded guilty to this offense pursuant to the terms of a binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Under the terms of this binding plea agreement, Sanchez agrees to the imposition of the statutory mandatory minimum sentence, 10 years imprisonment. This plea had enormous benefits for Sanchez, who otherwise would have faced a guidelines imprisonment range of 235-293 months in prison if he had been convicted on the charges set forth I the indictment and was otherwise sentenced under the then existing federal sentencing guidelines. See PSR at para. 52. Thus the sentence ultimately imposed upon Sanchez fell far below the guidelines, constituted the statutory mandatory minimum sentence for this offense, and was the product of a binding plea agreement entered into by the defendant.

Following imposition of this sentence, in December 2007, the United States Sentencing Commission enacted an amendment to the sentencing guidelines, Amendment 706, which reduced the guidelines offense level for certain drug distribution and conspiracy offenses involving cocaine base by two offense levels and further provided that this amendment applied retroactively to defendants who were sentenced before the effective date of this amended guideline. Despite the fact that his sentence represented a statutory mandatory minimum jail term, and was the product of a binding plea agreement, Sanchez now seeks a reduction of his sentence in accordance with this amended guidelines provision.

For the reasons set forth below, the United States submits that Sanchez misconstrues the reach of this guidelines amendment. Fairly construed, that amendment does not permit persons sentenced pursuant to binding plea agreement to statutory mandatory minimum jail terms to set aside their sentences years after those sentences are imposed. Since Sanchez's sentence represents a statutory mandatory sentence imposed as part of a binding Rule 119c)(1)(C) plea agreement, Sanchez may not take advantage of this limited guidelines amendment. Accordingly, Sanchez's pro se motion for relief under this amended guideline should be denied.

## II. DISCUSSION

### A. The Narrow Scope of Section 3582(c) Petitions.

Section 3582(c)(2) of Title 18, United States Code provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure

3

for implementing the amendment in a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c).  Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

> (1)  In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2)  Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>> (A)  none of the amendments listed in subsection (c) is applicable to the defendant; or

---

[1]  Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

4

>    (B)    an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3)    <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for some cocaine base ("crack") offenses, where the guidelines were originally calculated based upon the quantity of drugs distributed by the defendant.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels based upon drug weights applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. <u>See</u> U.S.S.G., Supplement to App. C, Amend. 706.[3]

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

[3] In a separate matter, the Supreme Court recently held in <u>Kimbrough v. United States</u>, ____ U.S. ____, 2007 WL 4292040 (2007) that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses based upon drug weights. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less

---

whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

than 4.5 kilograms falls in offense level 36.  At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams.  That offense level now applies to a quantity of less than 500 milligrams.  Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

These amendments, however, by their terms only apply to cases which: 1) involved distribution of crack cocaine or cocaine base; and 2) in which the initial crack cocaine guidelines sentence was based upon an assessment of drug quantities. Nothing in the amended guidelines purports to provide sentencing relief for a defendant, like Sanchez, whose sentence was based binding Rule 11 (c)(1)(C) plea agreement, or a defendant, like Sanchez, who is sentenced to a statutory mandatory minimum jail term.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statements and its "exclusions" are clear and must be respected: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (c) is applicable to the defendant."  U.S.S.G. § 1B1.10(a)(2).  See also id. app. note

1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guidelines range.")  Because Amendment 706 and all other listed amendments are inapplicable to the defendant, the defendant's motion should be summarily denied.

The failure of this amendment to address cases involving:1) binding plea agreements, or 2) statutory mandatory minimum sentences is significant since Section 3582(c) places statutory limitations upon a sentencing court's authority, once it has imposed a sentence of imprisonment, to modify that sentence. <u>See</u> 18 U.S.C. § 3582(c).  The Third Circuit has held that these limitations are jurisdictional limitations upon a district court's substantive authority to modify the previously imposed sentence. <u>See</u> <u>United States v. Higgs</u>, 504 F.3d 456, 463-64 (3d Cir. 2007). Except as authorized by section 3582(c) and Fed. R. Crim. P. 35-- which itself derives its authority from section 3582(c)--a sentencing court does not have the authority, and lacks subject-matter jurisdiction, to modify a previously imposed sentence of imprisonment.  <u>Id.</u>

Section 3582(c)(2) provides, in pertinent part, as follows:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
>
>    *     *     *
>
>  (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range

>  that has subsequently been lowered by the Sentencing
>  Commission pursuant to 28 U.S.C. 994(*o*), upon motion of
>  the defendant or the Director of the Bureau of Prisons,
>  or on its own motion, the court may reduce the term of
>  imprisonment, after considering the factors set forth in
>  section 3553(a) to the extent that they are applicable,
>  <u>if such a reduction is consistent with applicable policy
>  statements issued by the Sentencing Commission</u>.

(Emphasis added.)  Thus, by statute, a court may not reduce a previously imposed term of imprisonment based upon a reduced guideline range unless "such reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### B. A Defendant Sentenced Pursuant to a Binding Rule 11(c)(1)(C) Plea Agreement is Not Entitled to Relief Under this Revised Guideline.

These limitations are fatal to Sanchez's claim for relief. At the outset the defendant's motion should be denied for the simple reason that his sentence was the function of a binding plea agreement under Rule 11(c)(1)(C). Thus, the defendant's motion should be denied because his sentence did not rest on the applicable guideline range, but on an express stipulation in his plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), as to the final sentence.

A motion for reduction of sentence under Section 3582(c)(2), based on a retroactive guideline amendment, is irrelevant where the defendant has entered and been sentenced pursuant to such a "C plea." As one appellate court correctly stated in this context, "the district court should have dismissed [the defendant's] motion

without considering its merits." United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996). Accord United States v. Peveler, 359 F.3d 369, 377-79 (6th Cir. 2004); United States v. Hemminger, 114 F.3d 1192, 1997 WL 235838 (7th Cir. May 2, 1997) (unpublished).

In such instances the defendant should continue to receive the specific sentence to which he stipulated; otherwise, the government is denied all the benefits of its bargain with the defendant. Indeed this case aptly illustrates why such stipulations should not be set aside. Had Sanchez not entered into this agreement he faced guidelines of 235-293 months in prison. To allow Sanchez to evade these penalties by stipulating to a 10 year jail term, and then permit Sanchez to seek to abandon that stipulation wen it is inconvenient would be manifestly unfair.

### C. A Defendant Sentenced to a Statutory Mandatory Minimum Sentence is Not Entitled to Relief Under this Revised Guideline.

Sanchez's motion fails for yet another reasons. The defendant's motion should be denied because, as stated earlier, he was sentenced to a mandatory minimum sentence required by statute. The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply. See also § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of

lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment."). Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant. See, e.g., United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994); United States v. Hanlin, 48 F.3d 121, 124-25 (3d Cir. 1995); United States v. Pardue, 36 F.3d 429 (5th Cir. 1994); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996); United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997). Therefore, the defendant's motion should be summarily denied.

### III. CONCLUSION

For the foregoing reasons Sanchez's Motion for Relief Pursuant to Title 18, United States Code, Section 3582(c) should be denied.

                Respectfully submitted

BY:  S/MARTIN C. CARLSON
     MARTIN C. CARLSON
     Acting United States Attorney
     228 Walnut Street, Suite 220
     Harrisburg, Pa. 17108
     Phone: 717-221-4482
     Fax: 717-221-2582
     Martin.Carlson@USDOJ.gov
     PA Bar #33396

Dated: March 4, 2008

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CR. NO. 1:CR-00-300 |
| | ) |
| vs. | ) |
| | ) |
| **ERIC SANCHEZ** | ) |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that, this 4TH day of MARCH 2008, he served a copy of the foregoing on the following by transmitting a copy of the same to

Eric Sanchez
FMC Devens, P.O. Box 879
Ayers, MA 01432

                                               _S/MARTIN C. CARLSON___
                                               MARTIN C. CARLSON
                                               Acting U.S. Attorney
                                               228 Walnut Street, Suite 220
                                               Harrisburg, Pa. 17108
                                               Phone: 717-221-4482
                                               Fax: 717-221-4582
                                               Martin.Carlson@USDOJ.gov
                                               PA Bar #33396