UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ERIC SANCHEZ,

    Defendant.
_____/

DOCKET NO. 1:CR-00-300

(RAMBO, J.)

FILED
HARRISBURG, PA
MAR 10 2008
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO MODIFY SENTENCE UNDER TITLE 18, UNITED STATES CODE, SECTION 3582 (c)(2)

NOW COMES the undersigned defendant, ERIC SANCHEZ, and respectfully submits this brief reply to the Government's opposition to his motion to modify his sentence pursuant to 18 U.S.C.§3582(c)(2), and would show this Court as follows:

**I. NOTWITHSTANDING THE DEFENDANT HAVING ENTERED INTO A BINDING PLEA AGREEMENT THE COURT IS NOT WITHOUT JURISDICTION TO MODIFY THE TERM OF IMPRISONMENT.**

In opposing the undersigned's <u>pro se</u> motion, the Government argues, <u>inter alia</u>, that the Court is without jurisdiction or authority to modify the term of imprisonment because the undersigned's sentence resulted from a binding plea agreement. Notably, the Government cites absolutely no cases supporting this novel, yet inartful, argument. Contrary to the Government's claim, nothing in the text or history of 18 U.S.C.§3582(c)(2) limits the statutes application to specific terms of imprisonment, irrespective of the proceeding resulting in their culmination.

[2]

In light of the absence of any restrictive language in Section 3582(c)(2) consistent with the Government's position, the Court is not without jurisdiction to modify the term of imprisonment imposed in this case, even though the term of imprisonment imposed resulted from a binding plea agreement. Consequently, the Court should exercise its discretion to modify the term of imprisonment imposed in this case, and right the wrong that has, for too long, resulted from the unjust and discriminatory sentencing disparity between cocaine powder and crack cocaine offenses.

## II. THE DEFENDANT WAS NOT INVOLVED IN ANY ALLEGED ACTS OF VIOLENCE, AND THE COURT SHOULD IGNORE THE GOVERNMENT'S SUGGESTIONS THAT HE WAS.

In a tasteless bid to perpetuate the discriminatory penalties imposed upon blacks and latinos for crack cocaine offenses, the Government inaccurately and improperly attempts to associate the defendant with alleged violence that occurred in and or around the vicinity in which the offense occurred. The Government's assertions are baseless, inflammatory and designed to prejudice the Court in this proceeding. The undersigned was not convicted of the alleged acts of violence that the Government now attempts to attribute to him. Furthermore, the record is completely devoid of any evidence establishing the undersigned's involvement or knowledge of any violent acts, and the Government should not be heard with respect to such allegations.

III. THE GUILTY PLEA IN THIS CASE DID NOT TRIGGER A TEN (10) YEAR MANDATORY MINIMUM, NOTWITHSTANDING THE BINDING PLEA AGREEMENT, WHERE THE DEFENDANT DIDN'T ADMIT THAT THE OFFENSE INVOLVED "50 GRAMS OR MORE" OF COCAINE BASE.

At the outset, it is important to note that the undersigned, in his original moving papers, argued that no mandatory minimum term applied to the instant offense. The Government has unquestionably reviewed that motion, and has not responded to the legal arguments advanced therein. In the interest of completeness, and to ensure that a clear record is established — without specific opposition from the Government — the undersigned rehashes that argument in this reply.

Simply put, the undersigned admitted that the instant offense involved between "35 and 50" grams of cocaine base, at the time of the plea. The undersigned did not specifically allude to a particular amount, and the sentence was determined under the U.S. Sentencing Guidelines. The base offense level in this case was 30. Level 30 applies to offenses that involve more than 35 **but less than** 50 grams of crack cocaine. See, U.S.S.G.§2D1.1(c). On this record, it cannot be said that the undersigned admitted that the instant offense involved "50 grams or more" — the amount necessary to trigger the ten year mandatory minimum. See, 21 U.S.C.§841(b)(1)(A).

In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

[4]

In keeping with the rule enunciated in Apprendi, the Third Circuit, in United States v. Vasquez, 271 F.3d 93 (3rd Cir. 2001), held that [post-Apprendi] drug quantity is an element of an offense under 21 U.S.C. §841(b)(1)(A), (B) and (D). Where a defendant does not admit, during the plea llocution, that the offense involved an amount triggering an increased minimum or maximum term of imprisonment, the Court may not impose the increased minimum or maximum term. See, e.g., United States v. Yu, 285 F.3d 192, 198 (2nd Cir. 2002). In the present case, the undersigned entered a plea of guilty admitted that the amount of cocaine base involved in the offense of conviction was less than "50 grams." Indeed, the Government agreed that the quantity of cocaine base involved in the instant offense was less than 50 grams, and that the applicable base offense level was that applicable to less than 50 grams — resulting in a ten year sentence because of the undersigned's criminal history category.

Since the undersigned did not admit or agree to admit that the quantity involved in this case was "50 grams or more," no mandatory minimum term applied and this Court is free to modify the sentence in a manner that is consistent with the U.S. Sentencing Commission's lowering of the undersigned's applicable sentencing range, and the Supreme Court's "green-light" to district judges to adopt a 1 to 1 ratio when sentencing crack cocaine offenders. See, Kimbrough v. United States, ___U.S.___ 2007 WL 4292040 (2007). Accordingly, the Court should endeavor to modify the sentence in this case, in the interest of justice, and to prevent a complete miscarriage thereof.

## IV. CONCLUSION.

For the reasons stated above, the undersigned respectfully requests that the Court grant his motion to modify his sentence, and order his release forthwith.

Dated: Devens, Massachusetts
       March 6, 2008

Respectfully submitted,

*Eric Sanchez*
ERIC SANCHEZ, pro se
REGISTER NO. 10667-067
FEDERAL MEDICAL CENTER
P.O. BOX 879
AYER, MASSACHUSETTS 01432

## V. CERTIFICATE OF SERVICE.

This shall certify that a true and correct copy of this reply has been mailed to the Office of the U.S. Attorney for the Middle District of Pennsylvania (Martin C. Carlson, AUSA), at 228 Walnut Street, Suite 220, Harrisburg, Pennsylvania 17108, on this 6th day of March, 2008.

*Eric Sanchez*
ERIC SANCHEZ

Eric Sanchez 10417-067
Federal medical center Devens
P.O. Box 879
Ayers, MA 01432 unit 6

CENTRAL MA 015
07 MAR 2008 PM 5 L

Office of the Clerk Room 1060
United States District Court
United States Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108