FILED
HARRISBURG, PA
MAR 24 2008
MARY E. D'ANDREA, CLERK
Per ___

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ERIC SANCHEZ,<br><br>    Defendant. | CRIMINAL NO. 1:CR-00-300<br>(RAMBO, J.)<br><br>DEFENDANT'S MEMORANDUM OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS MOTION TO MODIFY SENTENCE, PURSUANT TO 18 U.S.C.§3582(c)(2) |

AND NOW, the defendant, ERIC SANCHEZ, appearing *pro se* and files this memorandum of supplemental authority in support of his motion to modify his sentence, brought pursuant to 18 U.S.C.§3582(c)(2), and would show the Court as follows:

(1) The defendant has moved to modify his sentence as a result of a recent amendment to the U.S. Sentencing Guidelines lowering sentences for cocaine base ("crack") offenses [Amendment 706 and 711]. The Government has filed an opposition to defendant's motion arguing, *inter alia*, that defendant is not entitled to relief inasmuch as he entered into a plea agreement that contained a stipulated [binding] sentence, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

(2) Defendant has filed a reply to the Government's opposition, arguing that, *inter alia*, the Government cites no authority for their position that the Court is not authorized to modify the defendant's sentence because he entered into a plea agreement under Rule 11(c)(1)(C). The defendant now files this supplemental memorandum to apprise the Court of authority expressly authorizing a modification of the sentence in this case.

(3) Section 6B1.2(c)(2)(A) of the Sentencing Guidelines provides, in relevant part, that a district court may accept a plea agreement pursuant to Rule 11(c)(1)(C) even where the "agreed sentence departs from the applicable guideline range..." U.S.S.G.§6B1.2(c)(2)(A). Thus, the sentences imposed in this case — although imposed pursuant to a binding plea agreement — essentially resulted from a downward departure. The Government contends that because the defendant's applicable sentencing range would have, absent the Rule 11(c)(1)(C) plea agreement, been 235 to 293 months. Assuming, arguendo, that the Government is correct in what it estimates the applicable sentencing range would have been, such an estimation does not preclude modification in this case.

(4) The U.S. Sentencing Commission also amended Section 1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range [Policy Statement]), effective March 3, 2008. In doing so, Section 1B1.10(b)(2)(B) now provides, in relevant part, that "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) [authorizing a reduction where the guideline range has been lowered by a subsequent amendment to the guidelines] of this subsection may be appropriate." U.S.S.G.§1B1.10(b)(2)(B).

[3]

(5) A modification of the sentence in this case would be wholly consistent with the Guideline policy statement [§1B1.10(b)(2)(B)] since the Guidelines expressly authorizes a modification where the "original term of imprisonment [in this case 120 months imprisonment] was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing [arguably 235 to 293 months imprisonment]." In virtually all cases in which defendants enter pleas of guilty pursuant to Fed.R.Crim.P. Rule 11(c)(1)(C), the stipulated sentence is less than the term of imprisonment provided by the applicable sentencing range. Thus, the Sentencing Commission has expressly included sentences imposed a result of plea agreements under Rule 11(c)(1)(C) within the class of sentences that may be modified pursuant to both 18 U.S.C.§3582(c)(2) and §1B1.10. Accordingly, the Court should promptly modify the term of imprisonment imposed in this case, and order that the defendant be immediately released from the custody of the Federal Bureau of Prisons.

Dated: Devens, Massachusetts
       March 17, 2008

                                        Respectfully submitted,

                                        *Eric Sanchez* (signature)
                                        Eric Sanchez
                                        Register No. 10667-067
                                        FMC Devens
                                        P.O. Box 879
                                        Ayer, MA 01432

# PROOF OF SERVICE

I, _ERIC SANCHEZ_, certify that on _MARCH 17_, 200_8_ I mailed a copy of this document and all attachments via First Class mail to the following parties at the addresses listed below:

MARTIN C. CARLSON, ACTING U.S. ATTORNEY
228 WALNUT STREET, SUITE 220
HARRISBURG, P.A. 17108

# PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the United States District Court for the District of _M.D. PA._. I further certify under penalty of perjury that the forgoing is true and correct. Title 28 U.S.C. § 1746.

Respectfully submitted this _17TH_ day of _MARCH_, 200_8_.

Name: _ERIC SANCHEZ_
Number: _10667067_
FMC Devens, Unit _J-B_
P.O. Box 879
Ayer, Massachusetts 01432

---

[1] Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to clerk. Houston v Lack. 487 U.S. 266 (1988).

E. Sanchez 10667-067
P.O. Box 879
Ayer, MA 01432

CENTRAL MA 015
10 MAR 2008 PM 5 T

Clerk of the Court
United States District Court
Middle District of Pennsylvania
228 Walnut Street
Harrisburg, Pennsylvania 17108

17108+3800