TO: UNITED STATES PROBATION DEPARTMENT
    MIDDLE DISTRICT OF PENNSYLVANIA

REPLY TO: ERIC SANCHEZ
          REGISTER NO. 10667-067
          FEDERAL MEDICAL CENTER
          P.O. BOX 879
          AYER, MASSACHUSETTS 01432

RE: UNITED STATES v. ERIC SANCHEZ
    CRIMINAL NO. 1:00-CR-0300-02

DATE: MARCH 17, 2008



---

Your office recently prepared an addendum to the presentence
report previously prepared in connection with the above
referenced criminal matter. The recent addendum was prepared in
connection with the undersigned's recent motion to modify his
sentence in this case.  Inasmuch as the undersigned disagrees
with the position taken in your recent submission to the Court,
he respectfully submits this memorandum and requests that your
office revisit the matter.

I. **THE GUILTY PLEA IN THIS CASE DID NOT
   TRIGGER A TEN YEAR MANDATORY MINIMUM
   TERM OF IMPRISONMENT.**

Your office concluded that the undersigned entered a plea of
guilty to an offense that triggered a ten year mandatory minimum
term of imprisonment, received a sentence at the mandatory
minimum term, and is therefore not entitled to [or eligible for]
relief from the sentence under 18 U.S.C.§3582(c)(2).  However,
your office ignored the fact that the undersigned did not, as
the law requires, admit to facts which trigger the application
of the mandatory minimum term of imprisonment, and that no
mandatory minimum term therefore restricts the district court
from modifying the term of imprisonment as requested in the
undersigned's pro se submission dated January 7, 2008.

Your attention is called to the holding in Apprendi v. New
Jersey, 530 U.S. 466 (2000), wherein the U.S. Supreme Court held
that a sentencing court is without authority to impose any
sentence based on facts neither admitted to nor proven beyond a
reasonable doubt. 530 U.S. at 490. In the present case, before a
ten year mandatory minimum term of imprisonment could be
triggered, a defendant must admit [in the case of a guilty plea]
that the offense involved at least 50 grams of cocaine base.
See, e.g., United States v. Yu, 285 F.3d 192, 198 (2nd Cir.
2002)(vacating sentence where defendant did not admit to amount
of drugs triggering enhanced mandatory minimum or maximum term
under 21 U.S.C.§841(a)(1)(A)).; see also United States v.
Vasquez, 271 F.3d 93 (3rd Cir. 2001)(requiring proof of drug
quantity to trigger enhanced statutory penalties).

[2]

During the change of plea hearing in this case, the undersigned admitted only that the offense involved between 35 to 50 grams of cocaine base. Notably, the Government stipulated that the amount of cocaine base involved [for plea purposes] was between 35 and 50 grams. However, the undersigned did not admit that the quantity involved was "50 grams or more." Moreover, the plea transcripts conclusively establishes that the amount involved in the guilty plea was consistent with §2D1.1(c)(5) of the U.S. Sentencing Guidelines ("more than 35 but less than 50 grams" of cocaine base).

Given the specifics underlying the guilty plea in this case, a finding that the ten year mandatory minimum provision of 21 U.S.C.§841(a)(1)(A) applied would be wholly inconsistent with the holdings in Apprendi, Yu, and Vasquez, supra.

Accordingly, the undersigned respectfully requests that your office issue an addendum that both respects the holdings of the U.S. Supreme Court and the Third Circuit, and is consistent with the facts of these proceedings.

## II. CONCLUSION.

For the foregoing reasons, an addendum to the presentence report should be prepared, consistent with the foregoing.

Respectfully submitted,

Eric Sanchez

cc: Hon. Sylvia H. Rambo, U.S. District Judge
    Martin C. Carlson, Acting U.S. Attorney

Isaac Sanchez #10401-054
Federal Medical center Devens
P.O. Box 879
Ayees, MA 01432.



CENTRAL MA 015
18 MAR 2008 PM 1 T

RECEIVED
HARRISBURG, PA
MAR 21 2008
MARY E. D'ANDREA, CLERK
Per ___

1716840583

Office of the Clerk-
United States District Court
United States Court House
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108