IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ERIC SANCHEZ,

        Defendant.
_____/

CRIMINAL NO. 1:00-CR-300-02

MOTION OF DEFENDANT FOR RELEASE PENDING DISPOSITION OF APPEAL, PURSUANT TO 18 U.S.C. §3143

      COMES NOW the defendant, **ERIC SANCHEZ**, appearing _pro se_, and respectfully moves this Court for an Order Releasing him pending the outcome of his appeal from an Order denying him relief pursuant to 18 U.S.C.§3582(c)(2), and so moves pursuant to 18 U.S.C.§3143, and would show this Court as follows:

      1) On August 30, 2002, the Honorable Sylvia H. Rambo, U.S. District Judge, sentenced the defendant to a term of 120 months imprisonment upon the defendant's plea of guilty to conspiring to distribute and possess with the intent to distribute cocaine base ("crack"), in violation of 21 U.S.C.§846.

      2) In the wake of action by the U.S. Sentencing Commission lowering the sentencing ranges for offenses involving cocaine base, on January 10, 2008, the defendant moved, _pro se_, to modify his term of imprisonment. On March 4, 2008, the Government filed a memorandum opposing defendant's motion arguing, _inter alia_, that the sentence imposed upon the defendant was a mandatory minimum term, and that the defendant was therefore ineligible for relief under §3582(c)(2). On March 12, 2008, agreeing with the Government that the defendant's sentence was a mandatory minimum period, the Court denied defendant's motion, and rejected defendant's contention that he had not been sentenced to a mandatory minimum term of imprisonment. A timely appeal followed, and is currently pending before the U.S. Court of Appeals for the Third Circuit.

      3) Proceeding with counsel on appeal, defendant reiterated his arguments that the sentence imposed was not the product of a mandatory minimum, and that the ten year mandatory minimum term found in 21 U.S.C.§841(a)(1)(b)(1)(A) did not apply to this case. In their responsive pleadings, the Government _concedes_ that the sentence imposed in this case was not the product of a statutorily mandated minimum term.

      4) Given the Government's concession, the defendant now respectfully seeks his release, pursuant to 18 U.S.C.§3143, pending the final disposition of the appeal in this case.

[2]

5) 18 U.S.C.§3143(b) grants this defendant a right to release pending the disposition of the pending appeal:

> the judicial officer <u>shall</u> order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, <u>unless</u> the judicial officer finds —
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in —
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C.§3143(b)(1)(A) and (B)(iv)(emphasis added).

6) Had the Court granted the defendant's motion to modify his term of imprisonment — since the original sentence was essentially the result of a downward departure — the Court would likely have reduced the term of imprisonment to 96 months, from 120 months. The defendant has currently served more than 87 months in prison. A federal prisoner serving a 96 months term of imprisonment is only required to serve approximately 83 months. Thus, the defendant has served <u>more</u> time than he would have served on a 96 month term of imprisonment.

7) In light of the foregoing, there can be no argument that the defendant poses a flight risk. Furthermore, given the length of time already served in prison, and his efforts at rehabilitation, it cannot be said that defendant poses a danger to any other person or the community. Additionally, given the Government's concession that the sentence imposed was not the product of a statutorily mandated minimum term — the sole reason for the district court's denial of his §3582(c)(2) motion — a reversal is imminent. As is an order modifying the term of imprisonment to a term of less than the period already served.

[3]

      8) The defendant seeks an Order admitting him to release on his own recognizance, given his inability to afford the posting of a secured bond. Such a release would be consistent with the provisions of 18 U.S.C.§3142(b) and the purposes of the Bail Reform Act of 1966 — i.e., "to assure that all persons, regardless of their financial status, shall not needlessly be detained pending their appearance to answer charges, to testify, or pending appeal, when detention neither serves the ends of justice nor the public interest." See, 18 U.S.C.§3141 [Historical and Statutory Notes].

      WHEREFORE, upon the foregoing, the defendant prays that an Order releasing him on his own recognizance, or an order for similar relief, be granted in the interest of justice.

Dated: Devens, Massachusetts
       September 2, 2008

Respectfully submitted,

X *Eric Sanchez* (signature)

ERIC SANCHEZ, pro se
REGISTER NO. 10667-067
FEDERAL MEDICAL CENTER
P.O. BOX 879
AYER, MASSACHUSETTS 01432

CERTIFICATE OF SERVICE

      This shall certify that a true and correct copy of this motion has been furnished upon the Office of the U.S. Attorney for the Middle District of Pennsylvania (Christy H. Fawcett, AUSA) at 228 Walnut Street, Suite 220, P.O. Box 11754, Harrisburg, PA 17108, on this 2nd day of September, 2008, by my having placed same in the United States Mail, postage prepaid.

X *Eric Sanchez* (signature)

ERIC SANCHEZ

Eric Someking 10667-067
P.O. Box 879
Ayer, MA 01432

Clerk of the Court
United States District Court
Middle District of Pennsylvania
228 Walnut St.
Harrisburg, PA 17108
Room 1060

17108+3800

CENTRAL MA 015
02 SEP 2008 PM 4 L