# EXHIBIT A

IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

---

APPEAL NO. 08-1847

---

UNITED STATES OF AMERICA,

Appellee

v.

ERIC SANCHEZ,

Appellant

---

APPEAL FROM THE DENIAL OF DEFENDANT'S MOTION FOR
SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(2),
ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA, RAMBO, J.,
ON MARCH 12, 2008, AT CRIMINAL NO. 1:00-CR-300-02

---

BRIEF OF APPELLEE

---

MARTIN C. CARLSON
United States Attorney

CHRISTY H. FAWCETT
Assistant U.S. Attorney

Attorneys for Appellee

Federal Building
228 Walnut Street
Harrisburg, PA 17108
717/221-4482

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES...................................... ii

STATEMENT OF JURISDICTION................................. 1

STATEMENT OF ISSUE AND STANDARD OF REVIEW................. 2

STATEMENT OF THE CASE.................................... 3

STATEMENT OF RELATED CASES AND PROCEEDINGS............... 6

STATEMENT OF THE FACTS................................... 7

SUMMARY OF ARGUMENT..................................... 12

ARGUMENT................................................ 13

       **THE DISTRICT COURT'S DENIAL OF SANCHEZ'S
       REQUEST FOR A SECTION 3582(c) REDUCTION WAS
       NOT AN ABUSE OF DISCRETION.**

CONCLUSION.............................................. 22

CERTIFICATE OF COUNSEL

CERTIFICATE OF COMPLIANCE

IDENTICAL PDF AND HARD COPY CERTIFICATE

VIRUS SCAN CERTIFICATE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## FEDERAL CASES

<u>Brumfield v. Sanders</u>,
    232 F.3d 376 (3rd Cir. 2000)............................. 15

<u>Helvering v. Gowran</u>,
    302 U.S. 238 (1937)..................................... 15

<u>Melendez-Perez v. United States</u>,
    467 F. Supp. 2d 169 (D.P.R. 2006)................... 17, 18

<u>United States v. Booth</u>,
    432 F.3d 542 (3rd Cir. 2005)............................. 19

<u>United States v. Gaines</u>,
    838 F. Supp. 377 (N.D.Ill. 1993)........................ 19

<u>United States v. Peveler</u>,
    359 F.3d 369 (6th Cir. 2004)............................. 21

<u>United States v. Trujeque</u>,
    100 F.3d 869 (10th Cir. 1996)........................... 20

<u>United States v. Vautier</u>,
    144 F.3d 756 (11th Cir. 1998)............................ 2

<u>United States v. Wise</u>,
    515 F.3d 207 (3d Cir. 2008).............................. 2

## FEDERAL STATUTES

28 U.S.C. § 1291............................................. 1

21 U.S.C. § 846............................................. 3, 4

18 U.S.C. § 3231............................................. 1

18 U.S.C. § 3742............................................. 1

18 U.S.C. § 924(c)(1)(A)(i)(ii).............................. 3

18 U.S.C.§ 3582(c)...........................1, 2, 5, 10, 12, 13,
                               14, 17, 19, 20, 21

ii

## STATEMENT OF JURISDICTION

The United States District Court for the Middle District of Pennsylvania had subject matter jurisdiction of this criminal case pursuant to 18 U.S.C. § 3231 and jurisdiction to modify the term of imprisonment under 18 U.S.C. § 3582(c).

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF ISSUE AND STANDARD OF REVIEW

**WHETHER THE DISTRICT COURT CORRECTLY DETERMINED THAT SANCHEZ WAS NOT ENTITLED TO A REDUCTION OF HIS SENTENCE PURSUANT TO 18 U.S.C.§ 3582(c).**

This Court reviews the district court's decision to deny a Section 3582(c)(2) motion to reduce a sentence based on a subsequent change in the sentencing guidelines, for an abuse of discretion. *United States v. Vautier,* 144 F.3d 756, 759 n.3 (11th Cir. 1998). *See also United States v. Wise,* 515 F.3d 207, 217-18 (3d Cir. 2008).

## STATEMENT OF THE CASE

On November 1, 2001, a Grand Jury sitting in Harrisburg, Pennsylvania, returned an Indictment charging co-defendant Christopher Ames with various drug and firearms offenses. (Dkt. Entry 1.)

On May 16, 2001, the Grand Jury returned a Superseding Indictment charging Appellant Eric Sanchez ("Sanchez") and co-defendants Ames and Ahmed Walker with various drug and gun offenses. (Dkt. Entry 52.) On August 8, 2001, a Second Superseding Indictment was filed, which indictment added Angel Sanchez as a defendant. (Dkt. Entry 116.)

In the Second Superseding Indictment, Eric Sanchez was charged in Count 1 with criminal conspiracy to possess, brandish, and discharge firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i)(ii) and (iii) and Section 924(o) (Count 1); possessing, brandishing, and discharging firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i),(ii), and (iii) and Section 2 (Count 2); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) and Section 2 (Count 3); criminal conspiracy to distribute and possess with intent to distribute 50 grams and more of cocaine base and heroin, in violation of 21 U.S.C. § 846 (Count 5); and distribution and possession with intent to distribute 50 grams and more of cocaine base, marijuana, and heroin

3

(Count 6).

Jury selection in the case against Ames, Walker, Eric Sanchez and Angel Sanchez commenced on January 14, 2002 and a jury was selected that day. (Dkt. Entry 200.)  Jurors were instructed to report for the commencement of trial on February 19, 2002. (Dkt. Entry 202.) A later motion by Ames' defense counsel resulted in trial being postponed until February 20, 2002. (Dkt. Entry 258.) Following opening statements by all counsel, testimony and evidence from government witnesses was presented on February 20, 21, and 22, 2002. (Dkt. Entries 267, 268, 271.)

On February 25, 2002, prior to the conclusion of the trial, Ames, Eric Sanchez, and Angel Sanchez all pleaded guilty.[1] Specifically, Eric Sanchez pleaded guilty to Count 5 of the Second Superseding Indictment, which count charged him with criminal conspiracy to distribute and possess with intent to distribute 50 grams and more of cocaine base, aka "crack" cocaine; cocaine; and heroin, in violation of 21 U.S.C. § 846. (Dkt. Entries 272, 274, 275.)

On August 30, 2002, Honorable Sylvia H. Rambo ("district court") sentenced Sanchez to a term of imprisonment of 120 months; five years' supervised release; and payment of a $1,000 fine and $100 special assessment.  (Dkt. Entry 328.)

---

[1] However, the jury trial against Walker proceeded.  On February 28, 2002, the jury convicted Walker on all counts. (Dkt. Entry 296.)

4

On January 10, 2008, Sanchez filed a letter with the district court seeking a modification of his term of imprisonment pursuant to 18 U.S.C. § 3582(c). (Dkt. Entry 421.) The district court entered an order appointing the Office of the Federal Public Defender as counsel for Sanchez on February 1, 2008. (Dkt. Entry 422.) On March 4, 2008, the government filed a Memorandum opposing Sanchez's motion to modify his sentence on the basis of 18 U.S.C. § 3582 (c). (Dkt. Entry 423.) On March 12, 2008, the district court denied Sanchez's motion to modify sentence and on March 21, 2008, Sanchez appealed the denial of his motion to this Court. (Dkt. Entries 425, 426.)

## STATEMENT OF RELATED CASES AND PROCEEDINGS

Counsel for the United States is not aware of any case or proceeding contemplated or pending before this Court or any other court or agency, state or federal, which is in any way related to the instant case.

## STATEMENT OF THE FACTS

Count 5 of the Second Superseding Indictment, the count to which Sanchez pleaded guilty, charges him with criminal conspiracy "to manufacture, distribute and posses with the intent to manufacture and distribute, 50 grams and more of cocaine base, a/k/a "crack"; cocaine; and heroin, Schedule I and Schedule II controlled substances." (App. 28.)[2]

At the time of the guilty plea, counsel for the government stated that Sanchez would

> plead guilty to Count 5 of the indictment, which charges him with criminal conspiracy to distribute and possess with intent to distribute controlled substances. . . . Counsel . . . have agreed to recommend that the quantity of drugs involved is between 35 to 50 grams of crack cocaine.
>
> We also agree pursuant to Rule 11 (e)(1)(C)[3] that there are no other enhancements that would apply to this particular sentence. The intent of the plea agreement is that the defendant will receive a sentence of ten years.

(App. 35.) (Footnote note not in the original.)

In its colloquy with Sanchez, the district court advised him that the maximum penalty for the offense "could be life imprisonment . . ." (App. 36.) Later, the district court stated that "there is apparently an indication that he would receive ten years" and counsel for the government agreed with the district

---

[2]  Hereinafter, "App.", followed by a number, refers to the designated page in the Appendix filed by Sanchez.

[3]  The former Rule 11 (e)(1)(C) was amended in 2002 and is now Rule (c)(1)(C).

court's characterization. (App. 36.)

Defense counsel asked the district court to specify the nature of the agreement as follows:

> I have a question. I just want to make sure we are all agreed that under Rule 11(e)(1)(c) that this would be deemed to be a plea that is accepted by the Court and hence binding on the Court in terms of the sentencing range.

(App. 37.)

The district court agreed that it would "accept that." (App. 37.) The district court deferred sentencing pending preparation and receipt of a pre-sentence investigation report ("PSR").

In the PSR, the probation officer noted that Sanchez pleaded guilty to Count 5 of the second Superseding Indictment pursuant to Rule 11 (e)(1)(C) of the Federal Rules of Criminal Procedure and that the stipulated sentence is 10 years. (PSR ¶ 3.) The PSR further reflected that the mandatory minimum term of imprisonment on Count 5, the count of conviction, is 10 years and the statutory maximum term is life imprisonment. (PSR ¶ 50.) However, according to the probation officer, the plea was pursuant to Rule 11 (e)(1)(C); thus, the district court would impose a sentence of 120 months. (PSR ¶ 51.)

In his first Addendum to the PSR dated July 11, 2002, the probation officer noted defense counsel stated that any potential objections to the PSR were rendered moot by the plea agreement. (Addendum to PSR.) A second Addendum, filed August 1, 2002, stated

that none of the additional objections submitted by Sanchez affect the guidelines calculations and defense counsel noted "that the plea agreement may make these factual disagreements moot." (Second Addendum to PSR.)   A third Addendum, filed in response to *pro se* objections filed by Sanchez, again noted that any dispute is to drug weights is moot because "the defendant agreed to a sentence of 10 years' imprisonment."   (Third Addendum to PSR.)

A sentencing hearing was conducted on August 30, 2002.  At the commencement of the hearing, the district court noted:

> There was an objection filed in this matter, one which affect the guidelines were it not for the plea agreement, and that was the amount of the drugs.
>
> [Defense Counsel] do you agree that objection is preempted by the plea agreement?

(App. 43.)

Defense counsel noted his agreement with the district court's statement. (App. 43.)

The district court then inquired of Sanchez:

> Am I correct that you agree that your plea agreement preempts your objection?  It does not otherwise change your sentencing.

(App. 43.)

Sanchez responded affirmatively.

After imposing a sentence of 120 months; payment of a $1,100 fine; and service of a five-year term of supervised release, the district court placed a statement of reasons on the record, which statement included the following:

9

>        The sentence departs from the guidelines for the
>        following reason: Pursuant to the terms of the binding
>        plea agreement under Rule 11 (e)(1)(C) of the Federal
>        Rules of Criminal Procedure.

(App. 45.)

In the district court's Judgment in a Criminal Case filed the same day sentence was imposed, the district court again noted that the sentence departed from the guidelines range for the following reason: "Pursuant to the terms of the binding plea agreement under Rule 11 (e)(1)(C) of the Federal Rules of Criminal Procedure." (Statement of Reasons.)

In its Sentencing Memorandum opposing Sanchez's request for relief under Section 3582 (c), the government stated that Sanchez was not entitled to relief under Section 3582(c) because his sentence was based on a binding Rule 11 (c)(1)(C) plea agreement and because Sanchez was sentenced to a statutory mandatory minimum jail term.   (Dkt. Entry 423, 7.)

The Probation Department subsequently prepared an Addendum of Defendant Requesting Sentence Reduction Pursuant to 18 U.S.C. § 3582 (c) in which it was stated that Sanchez was not entitled to a reduction under Section 3582(c) "[b]ecause the statutory mandatory minimum term remains applicable under the retroactive guideline."

The district court's order denying Sanchez's request for a reduction explains the denial of the reduction as follows: "Because the statutory mandatory minimum term remains applicable under the retroactive guideline, Defendant is not entitled to a reduction

through application of the amendment (U.S.S.G. §1B1.10(a)(2)(B)).

*See* Application Note 1 (A)." (Dkt. Entry 425.)

## SUMMARY OF ARGUMENT

Section 3582(c) provides that a defendant whose sentence was based on a sentencing range that is subsequently lowered by the Sentencing Commission may apply for a corresponding reduction in sentence. Amendment 706 to the Sentencing Guidelines lowered the sentencing range for most cocaine base offenses by two levels. However, nothing in Amendment 706 provides relief for a defendant whose sentence for a crack cocaine offense is either a mandatory sentence or a sentence subject to a binding plea agreement under Rule 11 (c)(1)(C).

Although the record in the present case is unclear as to whether Sanchez was sentenced to a mandatory minimum sentence, it is very apparent from the record that his 10-year sentence was the result of a Rule 11 (c)(1)(C) plea agreement. Because this Court may affirm the district court's decision based on any grounds that are supported by the record and because the record in the present case establishes that the 10-year sentence was pursuant to a binding plea agreement that was accepted by the district court, the district court did not abuse its discretion by denying Sanchez's request for a sentence reduction under 18 U.S.C. § 3582(c).

**ARGUMENT**

**THE DISTRICT COURT'S DENIAL OF SANCHEZ'S REQUEST FOR A SECTION 3582(c) REDUCTION WAS NOT AN ABUSE OF DISCRETION.**

The district court denied Sanchez's request for a sentence reduction under Section 3582(c) on the grounds that his original sentence was a mandatory minimum sentence and thus was not permitted under 18 U.S.C. § 3582(c)(2). *See* Dkt. Entry 425.

Pursuant to 18 U.S.C. § 3582(c)(2):

> [I]in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels. *See* U.S.S.G. § 2D1.1. The Sentencing Commission made the amended guideline range retroactive, effective March 3, 2008. *See* U.S.S.G. § 1B1.10.

In a revised version of Section 1B1.10(a), issued on December 11, 2007, and effective on March 3, 2008, the Sentencing Commission emphasized the limited nature of relief available under 18 U.S.C. § 3582(c):

13

(1) <u>In General.</u>-In a case in which a defendant is serving a term of imprisonment, and the guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582 (c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions.</u>-A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c) if-

(A) none of the amendments listed in subsection (c) is applicable to the defendant . . .

18 U.S.C. 3582(c).

Nothing in Amendment 706 purports to provide sentencing relief for a defendant who is sentenced to a mandatory minimum jail term.

Significantly for purposes of the present case, neither does anything in Amendment 706 purport to provide relief for a defendant whose sentence was based on a binding Rule 11 (c)(1)(C) plea agreement.

While the district court record is unclear concerning whether Sanchez was subject to a 10-year mandatory minimum sentence based on the quantity of crack cocaine involved, it is abundantly apparent that his 10-year sentence was imposed pursuant to a binding Rule 11 (c)(1)(C) plea agreement agreed upon by the parties and adopted by the district court.

14

It is well established that an appellate court may affirm the result reached by a district court on different grounds than those cited by the district court, so long as the record supports the judgment. *Helvering v. Gowran,* 302 U.S. 238, 245-46 (1937); *Brumfield v. Sanders,* 232 F.3d 376, 378 n. 2 (3rd Cir. 2000).

In the present case, the record supports a finding that the district court's denial of the crack cocaine reduction was an appropriate result because Sanchez's sentence was based on a binding Rule 11 (c)(1)(C) plea agreement.

When she introduced the case to the district court at the time of the plea, the prosecutor referenced the fact that

> pursuant to Rule 11 (e)(1)(C) that there are no other enhancements that would apply to this particular sentence. The intent of the plea agreement is that the defendant will receive a sentence of 10 years.

(App. 35.)

Moreover, defense counsel specifically asked the district court to confirm that Sanchez's plea and sentence were binding under Rule 11 (c)(1)(C):

> I just want to make sure that we are all agreed that under Rule 11 (c)(1)(C) that this would be deemed to be a plea that is accepted by the Court and hence binding on the Court in terms of the sentencing range.

(App. 37.)

The district court agreed that it accepted the binding plea agreement and, thus, was bound by the 10-year sentence agreement. (App. 37.)

15

Additional court documents further support that Sanchez's 10-year sentence resulted from a binding plea agreement. The probation officer initially noted that Sanchez pleaded guilty pursuant to Rule 11(c)(1)(C) and that the stipulated sentence was 10 years. (PSR ¶3.) He also set out Sanchez's sentencing guidelines range but then explained that the because the plea was pursuant to Rule 11 (c)(1)(C), the district court would impose a sentence of 120 months. (PSR ¶ 51.) The first, second, and third addenda to the PSR all reference defense counsel's acknowledgment that the binding plea agreement makes any factual disagreements moot. *See* Addendum, Second Addendum, Third Addendum.

Moreover, during the sentencing hearing on August 30, 2002, the district court asked both defense counsel and Sanchez to indicate whether they agreed that objections to the PSR that affected the Sentencing Guidelines range were preempted by the binding plea agreement. Both confirmed that they agreed with the district court's statement. (App. 43.)

Further, when placing its statement of reasons for the sentence imposed on the record, the district court explained that

> The sentence departs from the guidelines for the following reason: Pursuant to the terms of the binding plea agreement under Rule 11 (e)(1)(C) of the Federal Rules of Criminal Procedure.

(App. 45.)

The district court repeated this rationale for the sentence imposed in a Statement of Reasons filed with the Judgment in a Criminal Case.  *See* Dkt. Entry 328.

Accordingly, there is abundant support in the record for this Court to determine that Sanchez's sentence was the result of a Rule 11 (c)(1)(C) plea agreement.  Moreover, pursuant to Amendment 706 of 18 U.S.C. § 3582(c), and U.S.S.G. §§ 1B1.10 (a)(2) and 1B1.10(a)(2) app. note 1(A), a defendant sentenced under a binding Rule 11 (c)(A)(C) plea agreement is not eligible for a crack cocaine reduction under 18 U.S.C. § 3582(c).

Sanchez also claims that his motion should have been granted because even if he was sentenced under a binding plea agreement, because neither 18 U.S.C. § 3582(c) or U.S.S.G. § 1B1.10 bar a sentencing reduction when the sentence was imposed pursuant to a binding plea agreement.

The two cases Sanchez cites in support of his argument are factually distinct from the present case.  In *Melendez-Perez v. United States,* 467 F. Supp. 2d 169 (D.P.R. 2006), the district court granted a Section 2255 motion in a case involving a binding plea agreement.  The district court explained that at the time of the plea and sentence, the government, the defendant and the court were all unaware that an amendment to the sentencing guidelines that had become effective two weeks prior to the defendant's plea capped the offense level of individuals, like the defendant, who

played a mitigating role in the offense. The district court found that had it known of the amendment in effect at the time of the plea, it would not have accepted the binding plea agreement.

> Certainly, regardless of the binding nature of the agreement between the parties, the applicability and impact of [the amendment] upon [defendant's] sentence deserved at least to be raised and considered for the record as a matter which was both material and relevant to both the Court's decision as to its acceptance of the plea agreement and to the ultimate sentence.

*Melendez-Perez v. United States,* 467 F. Supp. 2d at 175.

The district court noted that as a result of the parties' ignorance of the amendment, Melendez-Perez, a minor participant, had received a substantially greater sentence than his most culpable counterpart. The district court found that this situation "shocks the Court's sense of justice" and determined that, "in light of the unusual circumstances present in this case," a sentence reduction was appropriate. *Melendez-Perez v. United States,* 467 F. Supp. 2d at 175-76.

No such situation exists in the present case where the parties negotiated and the district court accepted the binding plea agreement fully aware of the applicable sentencing guidelines. Nor is there any unwarranted disparity in sentences among the defendants: Ames, a defendant who, like Sanchez, pleaded guilty following several days of trial was sentenced to 15 years' incarceration; Angel Sanchez, who also pleaded guilty mid-trial,

18

was sentenced to 10 years' incarceration; and Walker, who was convicted by the jury, received a sentence of 681 months.

In *United States v. Gaines,* 838 F. Supp. 377 (N.D.Ill. 1993), a case also cited by Sanchez, the defendants entered into binding plea agreements that provided that they would be sentenced to a specified percentage of the applicable guidelines range. Later, the applicable guidelines range was amended and that amendment was made retroactive. The district court held that under these circumstances, it was appropriate to modify the defendants' sentences to correspond to the agreed upon percentage of the newly-applicable guidelines range.

In the present case, Sanchez's stipulated sentence was a flat term of years, not tied to any guidelines range.[4]

Moreover, circuit court case law specifically holds that a defendant who enters into a binding plea agreement is not sentenced based upon an applicable guideline range and thus, cannot benefit from a subsequently lowered sentencing guideline range pursuant to 18 U.S.C. § 3582(c)(2).

---

[4] Sanchez also argues that because the docket does not reflect that a written plea agreement was filed in this case, it is not clear that he was sentenced under a binding Rule 11 (c)(1)(C) plea agreement. However, because any defendant has the option of pleading guilty with no plea agreement in place, this argument has no merit. *See United States v. Booth,* 432 F.3d 542 (3rd Cir. 2005).

In *United States v. Trujeque*, 100 F.3d 869 (10th Cir. 1996),
the defendant pleaded guilty to an information that charged him
with maintaining a place for the purpose of distributing LSD.  The
plea was under the terms of a Rule 11 (e)(1)(C) plea agreement that
provided, in part, that he would sentenced to a term of
imprisonment of 84 months.  A subsequent amendment to the
Sentencing Guidelines changed the way in which drug weights for LSD
were calculated and Trujeque claimed that application of this
amendment would result in a sentence less than 84-month sentence
that had been imposed.  *United States v. Trujeque*, 100 F.3d at 870
n.2.

However, the Tenth Circuit declined to address the substantive
argument concerning whether Trujeque's drug weights should be re-
calculated.  Rather, the Tenth Circuit noted that at sentencing,
the district court specifically found that "pursuant to Federal
Rules of Criminal Procedure, Section 11 (e)(1)(C), the stipulated
sentence is 84 months."  *United States v. Trujeque*, 100 F.3d at
871.  According to the appellate court:

> These facts establish that Mr. Trujeque's
> sentence was not "based on a sentencing range
> that has subsequently been lowered by the
> Sentencing Commission," *see* 18 U.S.C. §
> 3582(c)(2).  Instead, his sentence was based
> on a valid Rule 11(e)(1)(C) plea agreement.
> Thus, the district court should have dismissed
> Mr. Trujeque's motion without considering the
> merits.

*United States v. Trujeque*, 100 F.3d at 871.

20

In *United States v. Peveler,* 359 F.3d 369 (6th Cir. 2004), Peveler filed a motion to modify his sentence under 18 U.S.C. § 3582(c) based on subsequent amendments to the weapons enhancement provisions of the Sentencing Guidelines. The Sixth Circuit affirmed the district court ruling that it did not have the authority to modify a sentence based on a binding plea agreement that specified the length of the sentence despite an amendment to the sentencing guideline provision for weapons enhancements that would be applied to his sentence. The Sixth Circuit explained:

> [a]bsent an agreement of the parties, the plain language of the current version of Rule 11 (e)(1)(C), now Rule 11 (c)(1)(C), generally precludes the district court from altering the parties agreed sentence under 18 U.S.C. § 3582(c). This conclusion applies despite the retroactivity of a subsequent amendment to a relevant guideline utilized to determine the defendant's sentence.

*United States v. Peveler,* 359 F.3d at 379.

Accordingly, the district court's denial of Sanchez's motion for reduction of sentence is supported by the record which establishes that Sanchez's sentence was pursuant to a binding plea agreement under Rule 11 (c)(1)(C). Thus, denial of the motion was not an abuse of discretion.

## CONCLUSION

For all these reasons, the district court's denial of Sanchez's Motion for Relief Pursuant to Title 18 United States Code Section 3582(c) should be affirmed.


Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

/s/Christy H. Fawcett
CHRISTY H. FAWCETT
Assistant U.S. Attorney
PA35067
Christy.Fawcett@usdoj.gov

228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108
Phone: (717) 221-4482
Fax: (717) 221-4493

**CERTIFICATE OF COUNSEL**

I, Christy H. Fawcett, certify that I am a member of the Bar of the United States Court of Appeals for the Third Circuit.

/s/Christy H. Fawcett
CHRISTY H. FAWCETT
Assistant U.S. Attorney

Date:    08/14/2008

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief consists of 4,019 words and does not exceed the 14,000 word limit.

/s/Christy H. Fawcett
CHRISTY H. FAWCETT
Assistant U.S. Attorney

## IDENTICAL PDF & HARD COPY CERTIFICATE

The undersigned hereby certifies that the PDF file and Hard Copies of this brief are identical.

/s/Christy H. Fawcett
CHRISTY H. FAWCETT
Assistant U.S. Attorney

Date: ___08/14/2008___

## VIRUS SCAN CERTIFICATE

This e-mail and the attached brief has been automatically scanned during preparation and upon sending by the following virus detection programs: OfficeProtect/Inoculan, ScanMail, and Viruswall, and no viruses were detected.

/s/Christy H. Fawcett
CHRISTY H. FAWCETT
Assistant U.S. Attorney

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA    :    Appeal No.  08-1847
:
v.    :
:
ERIC SANCHEZ    :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 14th day of August 2008, she served a copy of the attached

**BRIEF OF APPELLEE**

by placing two (2) copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania, as well as emailing it to him at ronald_krauss@fd.org.

Ronald A. Krauss, Esquire
Federal Public Defenders Office
100 Chestnut Street, Suite 306
Harrisburg, PA 17101

/s/Christina L. Garber
CHRISTINA L. GARBER
Legal Assistant